## NEW YORK SUPERIOR COURT.

JOHN T. BRINTON, sequestrator, &c., of the SAFEGUARD
INSURANCE COMPANY agt. FREEMAN WOOD and others.

The right of a *sequestrator* of an incorporated company to sue in our courts, and
to obtain a judgment, is different from the position of a receiver appointed pro-
visionally to protect the property; and perhaps the right is doubtful.
He has however the right to the interposition of the court by *injunction*, to re-
strain the defendants from selling at a sacrifice collateral securities assigned to
them by the company to secure an indebtedness of the company to them.

*Special Term, December*, 1859.

THIS case came up on an order that defendants show
cause why an injunction granted against them for selling
certain collateral securities held by them should not be
made perpetual.

The following is the opinion of the court, in which the
facts are stated :

CHARLES N. EMERSON, *for plaintiff.*
J. S. SLAUSON, *for defendants.*

HOFFMAN, Justice.    The case on the defendants' own
showing, is an account adjusted between them and the
company, by which it is found indebted to them in the sum
of $14,995.93.    For this amount they have received trans-
fers of securities in amount over $160,000.    Such a circum-
stance, unexplained, would raise a violent presumption of
fraud in the whole concern.    It is met by statements that
these securities are not probably of sufficient value to pay
the demands.

Yet in January, 1859, Keeler, then president, presented
a list of securities to the comptroller of New York, to the
amount of $271,000, embracing many of those assigned,
and made oath that they were owned in good faith, and

were worth $140,000, and were, it was believed, first class liens. It is impossible, under such circumstances, to allow a wholesale disposition of these securities, which must result in a ruinous sacrifice. On the other hand, the defendants should be allowed to collect such securities as may be available, either by suit or voluntary payment, giving security if required to account for the avails. Another course would be proper, but for some difficulties growing out of the position of the plaintiff. Unless he should be appointed receiver by this court, I cannot order the securities to be placed in his hands in giving security to pay the defendants what may be due them. His right to sue in our tribunals, and eventually to obtain a judgment, is different from a position as an officer appointed provisionally to protect the property. He must be an officer of this court for such purpose. Whether he can ultimately sustain this suit is a point I do not now pass upon. (17 *Howard U. S. Rep.*, 327.) I am not prepared to say that as to a defendant here, and property here, he cannot.

All that can now be done, as I think, is to retain the injunction, but with it a provision allowing the defendants to apply, whenever so advised, for leave to collect, receive or sue for any specified security of their assignor; or for leave to pay off prior liens and incumbrances, or any of them, or to compromise the same. They may also have liberty to apply for power to select any designated number of such securities, and to proceed to the collection thereof, giving security to abide the order of the court respecting the same, or the avails of the same, and surrendering the residue to such person as may be appointed to receive the same. The order to be settled on two days' notice. No cost of this motion to either party.